*E-Filed 1/21/15*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TYRONE YOUNGS, | No. C 14-4278 RS (PR) |
| Plaintiff, | **ORDER DIRECTING PLAINTIFF TO SHOW CAUSE ON OR BEFORE MARCH 2, 2015 WHY THE ACTION SHOULD NOT BE DISMISSED** |
| v. | |
| K.A. THOMPSON, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 which raises claims against his jailors at San Quentin State Prison. It is clear from the face of the complaint that plaintiff did not exhaust his administrative remedies prior to filing this action.

Prisoners must properly exhaust their administrative remedies before filing suit in federal court. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and is no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S.

731, 739 (2001)).  The PLRA exhaustion requirement requires "proper exhaustion" of all available administrative remedies.  *Id.* at 93.

The State of California provides its prisoners the right to appeal administratively "any policy, decision, action, condition, or omission by the [CDCR] or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his or her health, safety, or welfare."  15 CCR § 3084.1(a).  In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal:  (1) informal review, submitted on a CDC 602 inmate appeal form; (2) first formal level appeal, to an institution appeals coordinator; (3) second formal level appeal, to the institution warden; and (4) third formal level appeal, to the Director of the CDCR.  *See* CCR § 3084.7; *Brodheim v. Cry*, 584 F.3d 1262, 1264-65 (9th Cir. 2009).  An inmate's obligation to exhaust persists as long as some remedy is available; when that is no longer the case, the prisoner need not further pursue the grievance.  *Brown v. Valoff*, 422 F.3d 926, 934-35 (9th Cir. 2005).

Plaintiff is ordered to show cause why this action should not be dismissed for failure to exhaust his administrative remedies.  In his response, he must state clearly whether he has exhausted his administrative remedies (that is, through all levels of review), or, if he has not exhausted to state at what stage his grievance(s) are pending.  If he has exhausted his administrative remedies, plaintiff must file an amended complaint that restates his claims and asserts that he has complied with the exhaustion requirement.  **Plaintiff's response to this order, including, if necessary, an amended complaint, must be filed on or before March 2, 2015.  No extensions of time will be granted.  Failure to file a response by March 2, 2015 addressing the specific concerns raised in this order will result in the dismissal of the action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.**

**IT IS SO ORDERED**.

DATED: January 21, 2015

_____
RICHARD SEEBORG
United States District Judge